# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY TROY COOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. 07-208 Erie |
| ) | |
| ERIE COUNTY SHERIFF ROBERT ) | |
| MERSKI, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION**

Plaintiff Kelly Troy Cooley, a prisoner presently incarcerated at State Correctional Institution at Huntingdon, Pennsylvania, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against numerous defendants. Plaintiff contends in his complaint that his constitutional rights were violated on March 7, 2007 during and after a criminal sentencing before Judge Cunningham in the Court of Common Pleas of Erie County, Pennsylvania as a result of alleged excessive force utilized by Erie County sheriffs in removing plaintiff from the courthouse; racial slurs being directed against plaintiff by an Erie County Sheriff while in transit to Erie County Prison; the denial of medical treatment at Erie County Prison for the injuries plaintiff allegedly sustained as a result of the force utilized by defendant Erie County Sheriffs and the denial of plaintiff's request at Erie County Prison to press criminal charges against the defendant Erie County Sheriffs.

The above-captioned matter is before the Court on Plaintiff's appeal from United States

1

Magistrate Judge Susan Paradise Baxter's various rulings, to-wit: "Request Recussation [sic] of Magistrate Judge and Plaintiff's Objections to Magistrate Judges Denial of Counsel; Denial of Amendment of Complaint to Add Judge William R. Cunningham as a Defendant; Denial of Pretrial Motions (for Conference) and Object to Hearing of 5/29/08 with Exhibits in Support" (hereinafter "Plaintiff's Objections") (Doc. 44). Mr. Cooley has also filed a Declaration for Entry of Default (Doc. 46) to which the defendant objects (Doc. 47)

We have jurisdiction over Plaintiff's civil rights claims under 28 U.S.C. §§ 1331 and 1343. This matter was properly before Magistrate Judge Baxter pursuant to 28 U.S.C. § 636(b)(1)(A), and this Court has appellate jurisdiction over her decision. Id.; Fed. R. Civ. P. 72(a).

## I. Standard of Review

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Rule 72.1.3 of the Local Rules of the United States District Court for the Western District of Pennsylvania; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir.1986). Because the issues raised by Mr. Cooley are nondispositive matters, this Court can set aside Magistrate Judge Baxter's order only if it is clearly erroneous or contrary to law. A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F.Supp.

2

1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "even if the court might have decided the matter differently." Cardona v. General Motors Corp., 942 F.Supp. 968, 971 (D.N.J.1996) (quoting Toth v. Alice Pearly, Inc., 158 F . R.D. 47, 50 (D.N.J.1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985)). In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. See Haines, 975 F.2d at 92; Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J.1997).

## II. Discussion

### A. Request for Appointment of Counsel

First, we will address Mr. Cooley's request for appointment of counsel. An indigent civil litigant "possess[es] neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir.2002); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.1997). However, 28 U.S.C.1915(e)(l) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." Although the plain language of the statute affords the court broad discretion, there are "significant practical restraints" on its application, including the "ever-growing number of prisoner civil rights actions"; "lack of funding"; and the limited number of qualified attorneys who are willing to undertake such work pro bono. Tabron v. Grace, 6 F.3d 147, 153-55, 157 (3d Cir.1993). As a result, "volunteer lawyer time is extremely valuable," and not to be wasted. Id. at 157.

According to the Third Circuit, and as accurately explained by Magistrate Judge Baxter in her Opinion dated April 30, 2008 (Doc. 34), in order for a court to exercise its broad discretion

3

and appoint counsel, the plaintiff first must demonstrate that his or her case has "some merit in fact and law." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 456-57 ); Tabron v. Grace, 6 F.3d 147, 155 (3d cir. 1993). For the purpose of deciding the motion, Magistrate Judge Baxter properly found that Mr. Cooley's claims have some arguable merit.

Once the plaintiff has met the above threshold standard, the court is directed to carefully consider plaintiff's request for counsel utilizing a list of factors provided by the Third Circuit. Montgomery, at 499; Tabron, 6 F.3d at 155. These "post-threshold" factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. Montgomery, at 499 (citing Tabron, 6 F.3d at 155-57).

The case law which has interpreted these six factors is instructive. As to the first factor – a plaintiff's ability to present one's own case – a court should review the plaintiff's education, literacy, prior work experience and prior litigation experience. See Tabron, 6 F.3d at 156. In addition, a court may weigh any restraints placed upon a plaintiff by virtue of the fact that he or she is a prisoner. Montgomery, at 501; Tabron, 6 F.3d at 156. The Third Circuit has found that a plaintiff's ability to file and respond to opposing counsel does not "alone ... conclusively establish that [a plaintiff is] able to present his own case." Montgomery, at 501 (quoting Parham, 126 F.3d at 459).

Secondly, the Third Circuit further directs district courts to consider the complexities and

4

intricacies of the legal issues involved, because when the "law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Maclin, 650 F.2d at 889).

The third post-threshold factor considers whether the plaintiff will be able to conduct factual investigations using the discovery tools available under the Federal Rules of Civil Procedure. Montgomery, 294 F.3d at 503. Generally, district courts give weight to an incarcerated individual whose confinement limits his ability to conduct discovery and investigate facts. Montgomery, 249 F.3d at 253.

Next we must consider whether an indigent plaintiff could retain counsel on his or her own behalf. If counsel is easily attainable and affordable by the claimant, but they have made no effort to retain an attorney, then counsel should not be appointed by the court. In the instant case, Plaintiff has applied to proceed in forma pauperis. This factor, then, weighs in favor of the appointment of counsel.

With respect to the fifth factor in determining whether appointment of counsel is appropriate, the Third Circuit instructs district courts to determine whether or not the case will turn on credibility determinations. Montgomery, at 505; Parham, 126 F.3d at 460 ("whether the case [will be] solely a swearing contest"). Credibility determinations may play some role in the case at hand, as they would in any case brought to trial. However, as "it is difficult to imagine a case that does not" turn on credibility, the court should be cognizant of the degree to which credibility is at issue and, indeed, the Third Circuit has required a determination of "whether the case [will be] solely a swearing contest." Montgomery, 294 F.3d at 505 (quoting Parham, 126 F.3d at 460).

5

Finally, the Third Circuit directs district courts to examine the potential need for expert witnesses. Montgomery, at 503-04. The greater the necessity for an expert, especially in the medical field, the greater the necessity for appointed counsel. Montgomery, at 503-04; Parham, 126 F.3d at 460. In Montgomery, the Third Circuit found a medical expert would be necessary and noted that "it was clear" Montgomery would not be able to describe the medical consequences of inadequate treatment, especially the effects of his HIV and heart condition as they generally do not "clearly manifest themselves in ways that are obvious and ascertainable to a lay person." Montgomery, at 504.

In denying Plaintiff's request for appointment of counsel, Magistrate Baxter found that the law on the particular issues involved in Plaintiff's case to be fairly straightforward and concluded that Plaintiff should be able to handle this area of the law without the assistance of counsel. We agree. Plaintiff has demonstrated an apt ability to present his claims and the evidence supporting them within the appropriate legal framework. We further agree with Magistrate Baxter's original determination that the legal issues are not overly complex. This Court finds nothing in the record to indicate that Plaintiff has at any time been unable to proceed pro se or that his due process rights would be impinged by the lack of counsel. See Maclin, 650 F.2d at 886 ("denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights") (citations omitted). Nothing in the record indicates that Plaintiff is unable to conduct discovery, nor that a tremendous amount of discovery is necessary to maintain this litigation. We find that at this juncture, because the injuries alleged do not appear to be all that complicated, there is no cause for appointment of counsel based upon this factor. Denial of Plaintiff's application for appointed counsel is consistent with the ruling in Montgomery and the six factor

evaluation. Only the fact that Plaintiff is unable to find and retain counsel weighs in favor of granting the application. Considering, however, Plaintiff's ability to present his claims, the relative lack of factual and legal complexity to his claims, and the fact that he can conduct his own factual investigation into the merits of his case, Plaintiff's application for the appointment of pro bono counsel was appropriately denied and was not clearly erroneous or contrary to law. We reaffirm the Magistrate Judge's decision to deny Plaintiff's request for the appointment of counsel.

## B. Recusal

As explained above, plaintiff's present motion includes a request for "recussation" of Magistrate Judge Baxter. In his motion plaintiff states that "The Magistrate Judge clearly continued to force this plaintiff to represent himself. Showing favortism [sic] to the Defendant' attorney Matthew J. McLaughlin, District Judge, Sean McLaughlin's brother, who are friends and associates of Judge Susan Paradise Baxter. Where even if no response or objections are filed by defendants (which never are). The Magistrate Judges actions clearly are in favor of the defendants." Plaintiff's Objections ¶ 10.

It is unclear whether the Magistrate Judge has made an explicit decision on this issue in the first instance, such that our review of that decision would be appropriate. Her Order entered after the Motion Hearing held on May 30, 2008 is silent as to the request for recusal. Mr. Cooley had previously filed a motion entitled "Motion to Appoint Counsel" dated April 18, 2008 (Doc. 31); included in its prayer for relief a request that "Magistrate Judge Susan Paradise Baxter, "Recuse herself from any further proceedings of this case and send this case to the District Judge only. Due to favortism [sic] and an abuse of discretion in the Courts Ex Parte decisions making

7

case 'like past civil cases of Plaintiff.' Who never consented to the Magistrate Judge and appoint counsel." Doc. 31 at 4. The Magistrate Judge's order dated April 30, 2008 denying the motion to appoint counsel did not specifically address the request for recusal, although implicitly it is obvious that Magistrate Judge Baxter did not recuse herself.

Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in a case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The reason for this general rule is that judicial rulings "in and of themselves can only in the rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id.

Mr. Cooley nevertheless should be warned that opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1) unless they display a deep-seated antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Judicial rulings alone almost never constitute a valid basis for a bias motion. Id.

After a careful review of each of the decisions in this case, we find that Magistrate Judge's decisions do not show a deep-seated antagonism and we find that Magistrate Judge

8

Baxter did not abuse her discretion in implicitly denying Mr. Cooley's request for recusal. "The undersigned district judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [plaintiff] disagrees with his decision." Bolick v. Pennsylvania. 2005 WL 3234630, *2 (E.D.Pa. Nov.30, 2005).

Later in his written objections, however, Mr. Colley's understanding of a request for recusal appears to overlap with his request for an appeal of the magistrates decision as to his request for appointment of counsel. In his brief, Mr. Cooley states as follows:

> Plaintiff Cooley objects to the hearing of May 29, 2008, on the grounds that; once the Magistrate Judge, denied the Plaintiff's motion for Counsel, April 30, 2008. A timely objection was filed to this district Judge, May 7, 2008. The Magistrate judge acted under her authority pursuant to 28 U.S.C. § 1915(d). Yet, plaintiffs objections were never properly presented for review. Which Plaintiff Cooley, asked that his objections, with a hearing be before district Judge, Maurice B. Cohill for a proper determination. Id. THE "PLAINTIFF REQUESTS RECUSSATION OF THE MAGISTRATE JUDGE."

Plaintiff's Objections ¶ 36. Obviously, Mr. Cooley wanted to have the first denial of his request for appointment of counsel to be reviewed by a district court judge. This request is now moot.

To the extent that Mr. Cooley seeks to have his case reassigned to this member of the Court only, such request is denied, no cause for such extraordinary relief having been shown.

### C. Motion to Amend Complaint and Denial of Pretrial Motions

Mr. Cooley further objects to the Magistrate Judge's denial of his motion to amend his complaint to add Judge Cunningham as a defendant. Magistrate Judge Baxter held that such an amendment would be futile. See Text Order dated May 30, 2008. We agree and affirm this decision. A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss,

9

at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity will apply even if a judge's action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (internal quotation omitted). Here, taking the facts as alleged as true, Judge Cunningham acted within the scope of his jurisdiction. Judge Cunningham's actions are therefore covered by judicial immunity and the plaintiffs' claims against him are barred. We therefore affirm the decision of the Magistrate Judge to deny the motion to amend the complaint as such a decision was not clearly erroneous or contrary to law.

Mr. Cooley also objects to the Magistrate Judge's decision to deny his request for free copies of deposition transcripts. He argues, "the request for depositions are clearly important in this case; to determine if or should this judge become a party of this Plaintiff's Civil Action. Therefore, as part of the inherent equitable power of the district court in supervising discovery, a district court may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," citing Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 930 (1st Cir. 1991).

Mr. Cooley proceeds pro se and in forma pauperis. The court has no authority to finance or pay for a party's discovery expenses. Badman v. Stark, 139 F.R.D. 601, 605 (M.D.Pa.1991) ( § 1915 does not require the government to advance funds for deposition expenses); Doe v. United

States, 112 F.R.D. 183, 184-85 (S.D.N.Y .1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); Ronson v. Commissioner of Corr. for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D.Wis.1975) ( 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition ."); Ebenhart v. Power, 309 F.Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

In Tabron, while the court acknowledged that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," the Third Circuit citing Navarro de Cosme did not upset the lower court's decision that it was unnecessary in that case. Tabron, 6 F.3d at 159. Significantly, plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." Id. The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." Id. Hence, in this Circuit, the basic tenet, that a litigant bears the burden of financing his own litigation expenses, adheres in the great majority of

11

cases and circumstances. Id. Again, we find that Magistrate Judge Baxter's decision was not clearly erroneous or contrary to the law.

### D. Motion for Entry of Default

Mr. Cooley has filed a "Declaration for Entry of Default" in which he argues that default judgment should be entered on the grounds of the defendants having failed to comport with the Magistrate Judge's Order to provide certain discovery materials. We have carefully reviewed the Magistrate Judge's order and the defendants' response to said motion for entry of default, and find insufficient evidence that default judgment should be entered in this case. Defendants have shown that they have adequately complied with Magistrate Judge Baxter's discovery order. See Ex. A to Doc. 47.

Finally, we note that the defendant has asked that we issue a protective order prohibiting plaintiff from filing frivolous documents with no legal merit in the future and asking that appropriate sanctions be imposed if such filings occur. We decline to issue such an order at this time, but nevertheless, caution the plaintiff that such a protective order, under certain circumstances, is within our power. We suggest that from this point forward Mr. Cooley focus his energy and abilities on attempting to establishing the merits of his claims through the discovery process, rather than filing frivolous motions.

An appropriate order will be entered.

Date: June 26, 2008

Maurice B. Cohill, Jr.
Senior United States District Court Judge