**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KELLEY TROY COOLEY,** )<br>　　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　)　　C.A. No. 07-208 Erie<br>　　　　　　　　　　　　　　　)<br>**ERIE COUNTY SHERIFF ROBERT** )<br>**MERSKI, et al.,** 　　　　　　)<br>　　　　　**Defendants.** )　　| |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　　RECOMMENDATION**

　　　It is respectfully recommended that the motion for summary judgment filed on behalf of Defendants DiVecchio and Erie County [Document # 58] be granted, and said Defendants should be dismissed from this case.

**II.　　REPORT**

　　**A.　　Relevant Factual and Procedural History**

　　Plaintiff Kelly Troy Cooley, a prisoner incarcerated at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the following Defendants: Erie County Sheriff Robert Merski ("Merski"); Sheriff Marty Davis ("Davis"); County Executive Mark DiVecchio ("DiVecchio"); County of Erie, Pennsylvania ("Erie County"); Lieutenant Paul Greiner ("Greiner"); Deputy Sheriff Anthony Bowers ("A. Bowers"); Deputy Sheriff Charles Bowers ("C. Bowers"); Deputy Sheriff Jay Wieczorek ("Wieczorek"); Deputy Sheriff Roger Gunesch ("Gunesch"); and Deputy Sheriff David Stucke ("Stucke").

　　In his *pro se* complaint, and amendment thereto, Plaintiff alleges that Defendants Merski, Davis, Greiner, A. Bowers, C. Bowers, Wieczorek, Gunesch, and Stucke used excessive force and assaulted him with a taser gun after removing him from his criminal sentencing

1

hearing before the Honorable William R. Cunningham at the Erie County Court of Common Pleas. Plaintiff alleges further that one or more of said Defendants directed racial slurs at him while he was in transit to the Erie County Prison, and that he was refused medical treatment for the injuries he allegedly sustained as a result of the alleged assault. Plaintiff also alleges, generally, that "supervisors knew or should have known of these civil violations" and "fail[ed] to train or supervise its employees." (Document # 3, Complaint, at p. 4, ¶¶ 29-30). As relief, Plaintiff seeks monetary damages, and injunctive and declaratory relief.

On July 31, 2008, Defendants Merski, Davis, Griener, A. Bowers, C. Bowers, Wieczorek, Gunesch, and Stucke (hereinafter referred to as "Sheriff Defendants") filed an Answer to Plaintiff's amended complaint. [Document # 57]. On the same date, Defendants DiVecchio and Erie County filed a Motion for Summary Judgment contending that they cannot be held liable solely on a theory of *respondeat superior*. [Document # 58]. Plaintiff has filed a brief in opposition to the Motion for Summary Judgment. [Document # 70]. This matter is now ripe for consideration.

### B.       Standards of Review
#### 1.       Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d

2

Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Although Defendants DiVecchio and Erie County are named in the caption of both the complaint and amended complaint, there are no specific allegations made against either of them. In particular, there are no allegations that an officially promulgated policy, custom or accepted practice caused Plaintiff's alleged constitutional deprivations. The only allegations that, in any way, relate to these Defendants are the general statements that "supervisors knew or should have known of these civil violations," and "failure to train or supervise its employees."

#### 1. Defendant DiVecchio

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

In this case, Plaintiff has not even attempted to claim that Defendant DiVecchio was, in any way, personally involved in the alleged misconduct perpetrated by the Sheriff Defendants. In fact, given the opportunity to respond to Defendant DiVecchio's argument that Plaintiff's

4

constitutional claims against him should be dismissed because of Plaintiff's failure to allege his personal involvement, Plaintiff merely reiterates his claim of supervisory liability, asserting that "Erie County Prison staff lack training per policy, where Mark DiVecchio clearly is responsible for his employees training." (Document # 70, Plaintiff's Opposition Brief, at p. 4). This is not sufficient to state a constitutional claim against Defendant DiVecchio, and any such claim should be dismissed.

### 2. Defendant Erie County

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has not even alleged the existence of a policy or custom that resulted in a constitutional violation. Instead, Plaintiff merely alleges "failure to train or supervise its employees." Such a vague assertion fails to implicate a faulty policy or custom. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged excessive use of force by the Sheriff Defendants. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim against Defendant Erie County and the same should be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed on behalf of Defendants DiVecchio and Erie County [Document # 58] be granted, and said Defendants should be dismissed from this case.

5

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.  <u>See, e.g.</u>, <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  January <u>14</u>, 2009

cc: The Honorable Maurice B. Cohill
    United States District Judge