IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY TROY COOLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C.A. 07-208 Erie |
| | ) |
| **ERIE COUNTY SHERIFF ROBERT** | ) |
| **MERSKI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Plaintiff Kelly Troy Cooley has filed an appeal (Doc. 124) from magistrate judge's order dated February 12, 2010, in which she denied his Motion for Default Judgment and Sanctions (Doc. 121). The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A);

Mr. Cooley alleges that his constitutional rights were violated during and after a criminal sentencing in the Court of Common Pleas of Erie County; that he was injured by excessive force when he was removed from the courthouse; that he was subject to racial slurs; that he was denied medical treatment by the Erie County Prison; and finally, that he was wrongly denied a request to press criminal charges against the sheriffs involved in the incident.

Mr. Cooley requests that default judgment be entered on the grounds that the defendants'

prior counsel, Matthew McLaughlin, Esq., who has since been replaced by Patrick M. Carey, Esq., "clearly violated the Federal Rules of Evidence by tampering and altering incident reports and CD-R disk, which were to be the defendants only evidence used in this civil matter." Appeal Motion (Doc. 124) at 2. Mr. Cooley requests that we "grant default judgment against the defendants in the amount of 11 million dollars, fees and costs, and to pay plaintiff for all expenses used in this case." Appeal Motion (Doc. 124) at 7.

Defendants have filed a motion for summary judgment, which is currently pending before the magistrate judge. We make no finding or ruling on that motion at this time. We note for the sake of clarification that rather than filing a responsive brief, as required by the magistrate judge's scheduling order, plaintiff filed a document entitled "Plaintiff Rest on Claims Established in All Petitions Requesting Judgment by Default" (Doc. 127), in which he avers that "[a]ll evidence provided by (new) counsel for the defendants is evidence that was never provided by Attorney Matthew J. McLaughlin, since the year 2007. . . . [F]or the defendants to now appoint an attorney who they expect will cover-up the discovery violations of prior counsel only established plaintiffs claims for discovery violations; and the entry of judgment by the defendants."

We find that the defendants have not failed to answer discovery and are not in violation of any deadlines imposed by the Court. The magistrate judge correctly entered an order (text-only entry) dated February 12, 2010 denying the motion for default and sanctions on the grounds that "Defendants have met all response deadlines." She entered a subsequent text-only order dated February 22, 2010 which states that "[i]f deemed necessary, Plaintiff will be given the opportunity to review, in advance and in camera, any CD-R or other video disc that Defendants

2

wish to place in evidence at trial."

Pursuant to Fed. R. Civ. P. 55(b)(2), the court may enter judgment by default when a party has failed to plead or otherwise defend in the action. The entry of a default judgment is an extreme sanction and the authority to do so is entrusted to the discretion of the trial court. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir.1992); Poulis v. State Farm and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). The court must be satisfied that the non-moving party has received notice of the motion and that the judgment and remedies applied for are justified by the pleadings and other information of record. We have carefully reviewed the magistrate judge's orders and the parties submissions, and find insufficient evidence that default judgment should be entered in this case. Mr. Cooley has been provided with access to appropriate materials and defendants have disclosed their evidence in a timely fashion.

AND NOW, this 6th day of May, 2010, the Court having considered Plaintiff's appeal (Doc. 124) of Magistrate Judge Susan Paradise Baxter's order denying Plaintiff's Motion for Default Judgment and Sanctions (Doc. 121), it is HEREBY ORDERED that said order is AFFIRMED.

                                                 Maurice B. Cohill, Jr.
                                                 Senior United States District Court Judge

cc:    Kelley Troy Cooley
        Patrick M. Carey, Esq.