IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY TROY COOLEY, pro se, )
)
Plaintiff, )
)
v. ) C.A. 07-208 Erie
)
ERIE COUNTY SHERIFF ROBERT )
MERSKI, et al., )
)
Defendants. )

## MEMORANDUM ORDER

Presently pending before the court is "Plaintiff's Request for Reconsideration of District Judge's Memorandum Order of 4/29/2011 Doc. 146 'Claims on Appeal Pending'" (Doc. 147). On April 28, 2011, we had entered an order adopting the Supplemental R& R which granted in part the defendants' motion for summary judgment (Doc. 118).

We will deny the motion for reconsideration. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id. We have reviewed the relevant documentation in this matter and conclude that Mr. Cooley has failed to demonstrate any of the grounds necessary to warrant reconsideration of the Order granting in part and denying in part defendants' motion for summary judgment.

Furthermore, we note that Mr. Cooley has asked that I recuse. Even though said request was not docketed separately, we feel it merits discussion and a ruling. This request will be denied. 28 U.S.C. § 455(a) provides that a presiding federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995). Accord Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir.2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990). It appears that Mr. Cooley is dissatisfied with certain rulings or judicial actions, which because they are matters intrinsic to this case, are not grounds for recusal. Generally, "beliefs or opinions which merit recusal must involve an extrajudicial factor." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted).

AND NOW, this 7th day of July, 2011;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that "Plaintiff's Request for Reconsideration of District Judge's Memorandum Order of 4/29/2011 Doc. 146 'Claims on Appeal Pending'" (Doc. 147) is DENIED.

*Maurice B. Cohill Jr.*
United States District Court Judge

cc: record counsel
Kelley Troy Cooley